## LYONS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  April 24, 1903.)

1. MUNICIPAL CORPORATION—FIRE DEPARTMENT—UNIFORMED FORCE—MEMBERS —MEDICAL OFFICERS.

The consolidation act, Laws 1882, p. 113, c. 410, § 438, provides that every member of the uniformed force of the fire department shall have issued to him a warrant of appointment, and section 439 requires such member to take an oath of office.  *Held*, that a medical officer of the department, who was not shown to have received a warrant of appointment or to have taken the prescribed oath of office, was not a member of the uniformed force, so as to come within the provisions of the Greater New York Charter, Laws 1897, p. 258, c. 378, § 740, providing that the pay of the members of the uniformed force should remain fixed at the same amount they were receiving before the consolidation, especially where it was not shown that he had made payments to the pension fund, which section 521 makes it compulsory on every member of the uniformed force to do, and as section 442, providing for the salaries of the men in that branch of the service, makes no mention of medical officers.

2. SAME—PAY OF MEDICAL OFFICER.

In the estimate for 1898 made by the fire commissioners, and adopted by the board of estimates and apportionment of the former city of New York in December, 1897, the amount necessary for the pay of medical officers of the fire department was increased so as to provide them a salary of $3,000, instead of the $2,000 they were then entitled to.  *Held* that, even if a medical officer retained by the consolidated city be considered a member of the uniformed force of the department, so as to come within the provision of Greater New York Charter, Laws 1897, p. 258, c. 378, § 740, fixing the pay of officers belonging to the uniformed force at the same amount they were receiving from the municipal corporation in whose employ they were prior to the taking effect of the charter, this estimate by the fire commissioners and the board of estimate and apportionment would not entitle such medical officer to an increase in his pay to $3,000, as it did not become operative till after the new charter had gone into effect on January 1, 1898.

3. SAME—INCREASE OR DECREASE IN PAY—HOW EFFECTED.

The mere estimate of the amount to be paid an officer for an ensuing year, coupled with action by the proper authorities to the end that such amounts may be raised, is insufficient, in the absence of statute fixing the salary, on which to predicate either an increase or decrease of his salary.

Appeal from Trial Term, New York County.

Action by Frederick A. Lyons against the city of New York. From a judgment of the special term (77 N. Y. Supp. 589) dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin A. Pierce, for appellant.
William B. Crowell, for respondent.

McLAUGHLIN, J.  The plaintiff now is, and prior to January 1, 1898, was, one of the medical officers of the fire department of the city of New York.  Prior to that time he received, for services rendered by him as such officer, a salary of $2,000 per year, and the same amount has since been paid to him.  He claims that since that date he has been entitled to receive $3,000 per year, instead of

$2,000, and brings this action to recover the difference between the two sums. After trial at Special Term his complaint was dismissed, and he has appealed.

He asks for a reversal of the judgment principally upon the ground that the uncontradicted evidence adduced at the trial established that when the Greater New York Charter (page 1, c. 378, Laws 1897) took effect (which was January 1, 1898), he was a member of the uniformed force of the fire department, and was then, and by virtue of section 740 of the charter, since has been, entitled to receive a salary of $3,000 per year. This section of the charter provides, among other things, that:

"The pay or compensation of the officers of the fire department and each of them mentioned in the first paragraph of this section, and also the pay or compensation of district engineers and officers ranking as such and of any other officers who, when this act takes effect, belong to the uniformed force of either of the fire departments hereby consolidated into one department, shall be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act."

If it be true, as contended, that when the Greater New York Charter took effect the plaintiff was a member of the uniformed force of the fire department, and was then entitled to receive from the old city a salary of $3,000 per year, it necessarily follows that he comes within the provisions of the section quoted, and the judgment must be reversed. This naturally leads to the inquiries (1) whether the plaintiff was then a member of the uniformed force of the fire department, and (2) entitled to receive a salary of $3,000 per year.

1. We do not think the plaintiff, when the Greater New York Charter took effect, was a member of the uniformed force of the fire department. It will be observed, upon referring to section 438 of the consolidation act (page 1, c. 410, Laws 1882), that provision is made to the effect that "every member of the uniformed force shall have issued to him by the board a proper warrant of appointment signed by the president of the said board and secretary or assistant secretary, which shall contain the date of his appointment and his rank"; and the following section (439) provides that "each member of the uniformed force shall take an oath of office and subscribe the same before an officer of the department empowered to administer an oath." There is nothing in the record before us to show that the plaintiff ever received the warrant provided for in section 438, or that he ever took the oath of office prescribed in section 439, nor do we understand that the plaintiff claims he was ever appointed in the manner here provided, or that he took the oath required; and if he did not receive the one and take the other, then there is no basis for his claim, because it is the certificate of appointment, coupled with the oath of office, which constitutes one a member of the uniformed force. In this respect his position is quite similar to one elected to a public office. A sufficient number of votes cast for him entitles him to receive from the proper authorities a certificate of election, and this entitles him to qualify by taking the oath of office, and the omission of the latter forfeits his right thereto. This view

is also strengthened by other provisions of the act. Thus, section 442 provides for the salaries of those appointed to the force, and specifies the persons—chiefs of battalions, assistant foremen, engineers of steamers, assistant engineers of steamers, and regular firemen—but nowhere is there any mention made of the salary of the medical officer, except in section 48, which refers to all subordinate employés in any department of the city. Then section 621 makes it compulsory upon all members of the uniformed force to contribute $1 per month from their monthly pay to the establishment and maintenance of a pension fund, and other employés in the fire department were given the option of making this contribution and sharing in its benefits. There is nothing to show that the plaintiff ever paid anything into this fund, and, if he did not, he certainly ought not to be permitted to share in its benefits, which he would be if it be held that he is a member of the uniformed force.

2. But if the plaintiff was, in fact, a member of the uniformed force of the fire department on the 1st of January, 1898, he was not entitled to recover, because he was not then receiving, nor was he entitled to receive, a salary of more than $2,000 per year from the city in whose employ he was prior to and at the time the consolidation took place. The section of the charter referred to (740) provides that:

"The pay of compensation of the officers of the fire department and each of them mentioned in the first paragraph of this section * * * and of any other officer who when this act takes effect * * * shall be and remain fixed at the amount which they and each of them were severally receiving or entitled to receive from the respective municipal corporations in whose employ they were prior to the taking effect of this act."

Until the 1st of January, 1896, the plaintiff, it is conceded, was only receiving and entitled to receive $2,000 per year; but it is claimed that inasmuch as the board of commissioners of the fire department, prior to that time, included in their estimate of the expenses for that year to the board of estimate and apportionment an item of $9,000 for three medical officers (one of whom was the plaintiff), coupled with a resolution to the effect that "the foregoing estimate, amounting to two million six hundred and thirty-three thousand four hundred and sixty-nine ($2,633,469) dollars, is adopted as the sum of money which will be required as the expense necessary for the administration of the fire department of the city of New York for the year 1898," which estimate was adopted by the Board of Estimate and Apportionment, that this, in and of itself, amounted to an increase of the plaintiff's salary from $2,000 to $3,000 after the 1st of January, 1898; in other words, the plaintiff's contention is that, from the time of the final action of the board of estimate and apportionment—which was on the 23d of December, 1897—he became "entitled to receive," after the 1st of January, 1898, the sum of $3,000 per year. There is no force in this contention, as pointed out in the opinion delivered by the learned justice at Special Term. The estimate submitted by the fire commissioners, and which was finally adopted by the board of estimate and apportionment, had nothing to do with the year 1897, but related exclusively to the year 1898, and did not become effective until the beginning of that year.

It is not claimed, and it certainly could not be, that the adoption of the estimates related to any other year, or in any way affected the salary to which the plaintiff was entitled during the year 1897. The Greater City of New York came into existence on the 1st of January, 1898, and then its charter became effective, and the salary which the plaintiff was receiving from the old city prior to or at the time of the birth of the new city determined the salary which he was entitled to be paid thereafter. That salary was $2,000, and he has since been paid that sum per year, and there is no basis whatever, as it seems to us, for his claim that he is entitled to any further sum. Not only this, but an estimate of amounts to be paid to an officer for an ensuing year, coupled with action by proper authorities to the end that such amounts may be raised, is insufficient, in the absence of a statute fixing the salary, upon which to predicate either an increase or decrease of his salary. Before that can be done, some specific definite action must be taken to accomplish the desired purpose, which must be assented to by the proper authorities upon the one hand and the officer upon the other. Nothing of that kind appears to have here taken place, and the court at Special Term correctly so held.

The judgment appealed from, therefore, must be affirmed, with costs. All concur; PATTERSON, J., in result.